WALLACH, Circuit Judge,
dissenting-in-part.
I do not agree that “very high mechanical resistance” means a mechanical resistance of 1500 MPa or greater. Rather, because I conclude that intrinsic evidence supports a reading of this term to mean a mechanical resistance in excess of 1000 MPa, I respectfully dissent.
*1327 The disputed term “very high mechanical resistance” is not defined expressly in the specification. “Mechanical resistance” and “resistance,” however, are discussed in multiple passages. Their references throughout the specification are instructive, and they necessarily conflict with the majority’s construction for the following reasons.
The majority’s focus on “very high,” “high,” and “substantial” is unwarranted because these terms, and other similar laudatory terms, are used interchangeably in the '805 patent. See Bid for Position, LLC v. AOL, LLC, 601 F.3d 1311, 1317-18 (Fed.Cir.2010) (holding “bid” and “value of the bid” to have the same meaning because the claim language and specification used the terms interchangeably). For example, the patent is entitled, “Coated Hot- and Cold-Rolled Steel Sheet Comprising a Very High Resistance After Thermal Treatment.” '805 patent col. 1 ll. 1-4 (emphasis added). The “subject of the invention” is then described as a steel composition that ensures a “very high mechanical resistance after thermal treatment” and a “high resistance to corrosion.” Id. col. 1 ll. 47, 61-63 (emphases added). Also, the “purpose of the invention” is purported as producing a coated steel sheet with a mechanical resistance in excess of 1000 MPa after thermal treatment, which is described as “substantial resistance to shocks, fatigue, abrasion and wear” and a “good resistance to corrosion.” Id. col. 1 ll. 37-43 (emphases added). In another instance, the patent states that the “description which follows will make the invention clearly understood----” and recites a steel sheet that exhibits “a high mechanical resistance after thermal treatment and a high resistance to corrosion. ...” Id. col. 2 ll. 34-35, 43-44 (emphasis added).
Other passages in the specification further exemplify the interchangeability of these terms. For instance, the patent reads in one paragraph that “[t]he thermal treatment applied ... makes it possible to obtain high mechanical characteristics which may exceed 1500 MPa” and in the very next paragraph, describes a “substantial resistance to abrasion, wear, fatigue, shock, as well as a good resistance to corrosion....” Id. col. 2 ll. 49-52, 59-60 (emphases added). Likewise, the claimed steel sheet is disclosed as having a “substantial resistance to corrosion in the delivery state, during shaping and thermal treatments as well as during usage of the finished casting,” and after thermal treatment, is described as having “a substantial mechanical resistance, which may exceed 1500 MPa....” Id. col. 3 ll. 49-53 (emphases added). Finally, the specification explains that modulation of certain elements in the composition of the steel including “carbon makes it possible to achieve high mechanical characteristics .... ” Id. col. 4 ll. 20-21 (emphasis added).
The patentee’s use of “very high,” “high,” and “substantial” shows that these terms are used interchangeably. It does not appear the patentee made technical distinctions as to varying resistance levels with the use of these terms. On the contrary, the patentee used these terms interchangeably and in a laudatory fashion without any limiting purposes. See Minton v. Nat’l Ass’n of Sec. Dealers, Inc., 336 F.3d 1373, 1381 (Fed.Cir.2003) (declining to construe “traded efficiently,” in part, because “efficiently” on its face does not inform the mechanics of how the trade is executed and concluding that it is a laudatory term characterizing the result of the executing step); see also Allen Eng’g Corp. v. Bartell Indus., Inc., 299 F.3d 1336, 1346-47 (Fed.Cir.2002) (declining to hold that the “fast steering” language in *1328 the preamble was limiting because it was laudatory, merely setting forth the intended purpose of the claimed combination). As such, the interchangeable use of these laudatory terms does not shed light on the disputed claim’s proper scope.
I would instead focus on the touted increase in mechanical resistance the '805 patent purports to achieve over prior art— namely, the obtention of mechanical resistance “in excess of 1000 MPa.” Id. col. 1 ll. 41-42. In particular, “very high,” “high,” and “substantial” were used to promote the invention’s improved levels of resistance without the “detriment of shaping properties” — a problem in the prior art. Id. col. 1 ll. 10-11. The majority’s construction of requiring a mechanical resistance of “at least 1500 MPa” unduly contracts the wide breadth of the invention the patentee discloses. Without clear language providing otherwise, 1500 MPa cannot be set as the floor of a range of mechanical resistance levels recited in the patent, principally because “excess of 1000 MPa” is stated as within the range of resistance levels that satisfy the purpose of the invention. See Apple Comp., Inc. v. Articulate Sys., Inc., 234 F.3d 14, 25 (Fed. Cir.2000) (“[T]he claim must be interpreted in light of the teachings of the written description and purpose of the invention described therein.”). Additionally, other values of resistance levels, including 1500 MPa, are recited in permissive form, and therefore, are less than instructive in determining the scope of “very high mechanical resistance.” '805 patent col. 2 ll. 51-53 (“may exceed 1500 MPa for mechanical resistance....”) (emphasis added); id. col. 4 ll. 52-61 (Table 2 illustrating ranges with examples of “maximal resistance of the steel sheet according to the invention after thermal treatment,” ranging from 1665 to 1695 MPa).
The majority nevertheless takes a different approach. It implies that the use of the terms, “high” or “substantial,” correspond only to a mechanical resistance that “may exceed 1500 MPa.” Based on this reading, the majority determines that “if 1500 MPa is high mechanical resistance, then very high resistance must be at least 1500 MPa.” Majority Op. at 1321.
As discussed above, however, the specification shows that “high,” “substantial,” and other similar terms are used to describe varying levels of mechanical resistance. Specifically, in addition to references to “may exceed 1500 MPa” as “high” or “substantial” resistance, the patent recites “excess of 1000 MPa” as “substantial” resistance. Compare '805 patent col. 3 ll. 52-53 (“[A] substantial mechanical resistance, which may exceed 1500 MPa____”) (emphasis added), with id. col. 1 ll. 40-43 (“[Mjakes it possible to obtain a mechanical resistance in excess of 1000 MPa, a substantial resistance to shocks, fatigue, abrasion and wear....”) (emphasis added). The specification thus describes both 1500 MPa and 1000 MPa as “substantial.”
“High” or “substantial” interchangeably describe in similar context the mechanical resistance level of 1500 MPa, giving “high” and “substantial” similar meaning. Hence, “high” or “substantial” likewise may describe interchangeably the mechanical resistance level of “excess of 1000 MPa.” Applying the majority’s logic, if 1000 MPa characterizes both “substantial” and “high” mechanical resistance, then “very high” resistance must be in excess of 1000 MPa. Accordingly, “very high mechanical resistance” should be construed as a mechanical resistance in excess of 1000 MPa. I find the specification sufficiently instructive, and therefore, no need to turn to extrinsic evidence.